IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| MARVIN LYNN "MIKE" HILL, JR., A | § | |
| MINOR AND MARILYN HILL, | § | |
| NATURAL PARENT AND NEXT FRIEND | § | |
|     Plaintiffs | § | |
| | § | |
| VS. | § | CASE NO. 1:06cv0138 |
| | § | |
| BOY SCOUTS OF AMERICA, | § | |
| CHURCH OF JESUS CHRIST OF | § | HONORABLE JUDGE HEARTFIELD |
| LATTER DAY SAINTS, VIDOR, TEXAS, | § | |
| DAVID OCHOA and STACY ABBOTT | § | |
|     Defendants | § | |

## PLAINTIFFS' SECOND AMENDED ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

    COME NOW Plaintiffs, Marilyn Hill and Marvin Lynn Mike Hill, Jr., complaining of

Defendants, Boy Scouts of America, Church of Jesus Christ of Latter Day Saints, Vidor, Texas,

Corporation of the President of The Church of Jesus Christ of Latter-Day Saints, a Utah Corporation sole,

David Ochoa, and Stacy Abbott for cause of action would respectfully show this Honorable Court and

Jury the following:

### A. Parties

    Plaintiffs are residents of Vidor, Texas.

    Defendant, Boy Scouts of America, is a resident of Irving, Texas and has already made an

appearance in this case.

    Defendant, Church of Jesus Christ of Latter Day Saints, Vidor, Texas has already made an

appearance in this case.

    Defendant, David Ochoa, is a resident of Vidor, Texas and has already made an appearance in

this case.

Plaintiffs' Second Amended Complaint            -1-

Defendant, Stacy Abbott, is a resident of Vidor, Texas and has already made an appearance in this case.

Defendant, Corporation of the President of the Church of Jesus Christ of Latter-Day Saints, A Utah Corporation sole, has already made an appearance in this case.

### B. Jurisdiction

The court has jurisdiction over the lawsuit under 28 U.S.C. §1332(a)(1) because the Plaintiffs and the Defendants are citizens of different states and the amount in controversy exceeds $75,000, excluding interest and costs. Furthermore, Defendants removed this matter from state court.

### C. Facts

It has become necessary to bring this action because of injuries sustained by Plaintiff, Mike Hill, Jr., as a result of the negligence of these defendants, both by omission and commission, jointly and severally, on December 5, 2003, in Orange County, Texas.

### D. Count I – Negligence

Plaintiff Mike Hill's resulting injuries were proximately caused by the negligence of these Defendants in one or more of the following acts of negligence on the part of one or more of them:

As to Defendants Boy Scouts of America (BSA), the Church of Jesus Christ of Latter Day Saints, Vidor, Texas, and the Corporation of the President of The Church of Jesus Christ of Latter-Day Saints:

1.  failure to carefully select reasonably prudent, trained and careful adult leaders for BSA Troop 106;

2.  failure to train such Scout and/or church youth leaders;

3.  failure to supervise such adult Scout and/or church leaders in the proper care and supervision of Plaintiff, Mike Hill, Jr., on the night of November 5, 2003; and

4.  failure to exercise reasonable care to avoid and prevent the foreseeable risk of injury to Plaintiff, Mike Hill, Jr., on the night of November 5, 2003.

As to Defendants, David Ochoa and Stacy Abbott:

1.  failure to properly train and carefully supervise the young members of BSA Troop 106 and the Church of Jesus Christ of Latter Day Saints, Vidor, Texas, in the proper,

Plaintiffs' Second Amended Complaint                                                                                     -2-

safe playing of the game of paintball and the safe and proper use of paintball guns and equipment on the night of December 5, 2003;

2.    failure to secure permission from Marilyn Hill, the mother of Mike Hill Jr., permitting him to play paintball since Mike Hill was a minor, only15 years old at the time he was injured on December 5, 2003, and had no prior knowledge of, or experience in, playing paintball and using a paintball gun and facemask; and

3.    failure to exercise reasonable care to avoid and prevent the foreseeable risk of injury to Plaintiff, Mike Hill, Jr., on the night of November 5, 2003.

Each of the foregoing negligent acts and omissions was a proximate cause of the resulting injuries and damages of Plaintiff, Mike Hill Jr., and the legal damages of Marilyn Hill.

### E. Vicarious Liability

Plaintiffs would show that pursuant to the doctrine of Respondeat Superior Defendants Boy Scouts of America, the Church of Jesus Christ of Latter Day Saints, Vidor, Texas and the Corporation of the President of The Church of Jesus Christ of Latter-Day Saints, a Utah corporation, are liable for the negligence of David Ochoa and Stacy Abbott because these individuals were acting within the course and scope in their capacities as volunteers, agents and/or employees of said Defendants.

### F. Damages

Upon trial of this case it will be shown that Plaintiff, Mike Hill, Jr., was caused to sustain severe injuries and damages as a proximate result of Defendants' negligence. Plaintiff, Marilyn Hill incurred medical bills for the medical treatment received by Mike Hill. Consequently, Plaintiffs respectfully request that the Court and Jury determine the amount of loss they have incurred in the past and will incur in the future, not only in terms of good health and freedom from physical pain and mental anguish, but from a financial standpoint as well. There are certain elements of damages provided by law that Plaintiffs are entitled to have the Jury in this case consider separately to determine the sum of money for each element that will fairly and reasonably compensate Plaintiffs for the injuries, damages and losses incurred and to be incurred.  From the date of the accident in question until the time of trial of this case those

Plaintiffs' Second Amended Complaint                                                                     -3-

elements of damages to be considered separately and individually for the purpose of determining the sum

of money that will fairly and reasonably compensate Plaintiffs for each element are as follows:

1.  The physical pain Plaintiff, Mike Hill, Jr., has suffered from the date of the accident to the time of trial;

2.  The mental anguish Plaintiffs have suffered from the date of the accident to the time of trial;

3.  The amount of reasonable medical expenses necessarily incurred in the treatment of the injuries of Plaintiff, Mike Hill, Jr., from the date of the accident to the time of trial;

4.  The lost income and diminished earning capacity sustained by Plaintiff, Mike Hill, Jr., from the date of the accident to the time of trial;

5.  The physical impairment suffered by Plaintiff, Mike Hill, Jr., to the time of trial; and

6.  The disfigurement suffered by Plaintiff, Mike Hill, Jr., to the time of trial.

From the time of trial of this case the elements of damages to be separately considered which

Plaintiff, Mike Hill, Jr., will sustain in the future beyond the trial are such of the following elements that

are shown by a preponderance of the evidence upon trial of this case:

1.  The physical pain he will suffer in the future beyond the time of trial;

2.  The mental anguish he will suffer in the future beyond the time of trial;

3.  The reasonable value of medical expenses that will necessarily be incurred in the treatment of his injuries in the future beyond the time of trial;

4.  The lost income and diminished earning capacity of Plaintiff, Mike Hill, Jr., in the future caused by the injuries sustained in the accident in question;

5.  The physical impairment Plaintiff, Mike Hill will suffer in the future beyond the time of trial; and

6.  The disfigurement Mike Hill, Jr. will suffer for the rest of his life.

Because of all of the above Plaintiffs have been damaged, and will be damaged in an amount of at

least $1,000,000 and greatly in excess of the minimal jurisdictional limits of this Court.

### G. Jury Demand

Plaintiffs respectfully demand a trial by jury and have already deposited the jury fee.

## H. Prayer

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendants be cited to appear and answer herein, and that upon final trial Plaintiffs recover Judgment for actual damages against Defendants, jointly and severally, in an amount greatly in excess of the minimum jurisdictional limits of this Court, but at least $1,000,000 and for such other and different damages as Plaintiffs shall show by proper amendment before trial, for interest on the Judgment from the date it is rendered, together with Pre-Judgment interest at the legal rate, if legally applicable, from the date of the occurrence herein until trial, in addition to all costs of Court and interest at the legal rate, and that Plaintiffs have such other and further relief, both general and special, at law and in equity, to which Plaintiffs may be entitled under the facts and circumstances.

Respectfully submitted,

_/S/ ETHAN L. SHAW_
ETHAN L. SHAW
Texas Bar No. 18140480
EVERETT H. SANDERSON
Texas Bar No. 17610520
SCOTT C. KINSEL
Texas Bar No. 24038662
MOORE LANDREY, L.L.P.
390 Park Street, Suite 500
Beaumont, Texas 77701
(409) 835-3891
(409) 835-2707 FAX
elshaw@moorelandrey.com

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the Plaintiff's Second Amended Complaint has been electronically filed and sent to all counsel as listed below on this 25th day of May, 2006.

Kent M. Adams
Adams & Boswell, P.C.
550 Fannin, Suite 800
Beaumont, TX  77701
Attorneys for Church of Jesus Christ of Latter Day Saints, Vidor, Texas

Larry J. Simmons
Germer Gertz, L.L.P.
550 Fannin, 5th Floor
Beaumont, TX  77701
Attorneys for David Ochoa

Michael J. Truncale
Orgain, Bell & Tucker, L.L.P.
470 Orleans
Beaumont, TX  77701
Attorneys for Boy Scouts of America

_/S/ ETHAN L. SHAW____
ETHAN L. SHAW